O’Neall, J.
The motion for a new trial in the argument, was rested altogether on one ground ; and this makes the questions, 1st, as to the competency of Col. Baliard as a witness generally: 2nd, if competent, then as to the admissibility of the evidence which he gave, to defeat the rights of his donee, the plaintiff’s testator.
1st. The first proposition contended for by the plaintiffs, depends upon the enquiry, will the witness, Col. Ballard, who was released by the defendant, gain or loose in the event of the suit. In no point of view, does it seem to me that he can. It is said if the defendant succeeds, he will obtain the means of paying his debt to Akin, out of the property in dispute, which it is supposed is not liable at all to Akin’s debt, if the plaintiffs succeed. .£ But in the plaintiffs^, hands, the negroes are just as much liable to the payment of *407 Akin’s debt, as they would be in the hands of Col. Ballard himself. For as against the creditor, the plaintiff’s title and possession is as clearly fraudulent, as any which we can conceive. So far as respects every question which could arise between them and the creditor, (except that of the statute of limitations) they would occupy no more advantageous a position than the witness Col. Ballard. We are not to presume, without proof, that this fraudulent title would be protected by the statute of limitations. The creditor (if his debt is in a judgment, as it is said to be) would be allowed four years to assert his claim after a discovery of the fraud. It may be (as is most probable, that the creditor never had an intimation of the fraud, and if so, there would be nothing to prevent his reaching the property in the hands of the plaintiffs. The money which the witness is to receive ■ from the defendant, for the price of the negroes, we are to presume, may be made available for the payment of the same debt. If so, the negroes or their jirice, let either of the parties succeed, will be liable to the debt: so that in this point of view, the witness cannot be either gainer or loser.
But such a possible interest as this, even if it might be that the defendant’s recovery would furnish a more certain fund for the payment /of this debt to Akin, too remote to disqualify a witness. To have this effect, the interest of the witness must be certain and direct in the event of the suit, or in the record, as matter of evidence. The obtaining of means to pay a debt situated like this of Akin’s, would generally be a very slight pecuniary interest. For it must be remembered, that the witness has already preferred to make a gift (as it is alleged) of the negroes to the plaintiff’s testator, rather than pay the debt.
After the defendant released the witness, he had no further interest in the event of the suit. Let either of the parties succeed, he had a plain right to the price of the negroes, which the defendant had agreed to pay.
2nd. The general rule is, that a party to a deed, conveyance, sale or gift made in fraud of the rights of *408 cl-'ediiors shall not be allowed to dispute it; but this rule proceeds on the footing, that the court will not interfere at the instance of the vendor or donor to divest or defeat any legal advantage, which the vendee or donee may have acquired. Generally, his possession, under a title fraudulent against creditors, would not be disturbed at the instance of his vendor, or donor : but I apprehend he would not be aided in enforcing such a title, or acquiring possession under it. For the maxim potior est conditio defendentis, applies to, and prevents relief in such a case.
Williams, for the motion.
This would be enough, for the defendant in this case; but he is a purchaser for valuable consideration, and in this point of view, is entitled to avoid the sale of right, especially if he had no notice : and even if he had, I think, under the circumstances of this case, he is entitled to be preferred. (Rob. on Fraud. Con. 38, 39 and 40. In the case of Hudnal v. Wilder (4 M’C. 308) Nott, J. states the rale which is, I think, applicable to this case. “ If the voluntary gift be actually fraudulent, notice to the subsequent purchaser cannot do away the fraud. If the voluntary deed be a mere pretence and no actual change of property be intended to take place, it still remains the property of the donor, and may become the property of a subsequent purchaser, even though he may have notice of the prior deed.”
No one who reads the report of the Judge below, in this case, will doubt that the gift to the plaintiff’s testator, was an actual fraud, and that notwithstanding it, that no actual change of property was intended to take place; under such circumstances, it is plain that the plaintiffs can have no title against the defendant.
The motion for a new trial is dismissed.
Johnson & Harper, Js. concurred.